UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22310-MC-ALTONAGA/Louis

**EUCLID FISH COMPANY**,

    Plaintiff,

vs.

**CAPE FLORIDA SEAFOOD**, *et al.*,

    Defendants.
_____/

## ORDER

On May 6, 2020, non-party, Norwegian Seafood Council ("NSC") filed a Motion to Quash Subpoena [ECF No. 1], requesting the Court quash a subpoena served upon it in connection with the litigation in *In re Farm-Raised Salmon & Salmon Products Antitrust Litigation*, No. 19-21551-Civ ("*In re Salmon*"). The Court referred the matter to Magistrate Judge Lauren F. Louis for a report and recommendation. (*See* June 24, 2021 Order [ECF No. 22]). NSC filed a Memorandum of Law in Support of its Motion [ECF No. 2]; the *In re Salmon* Plaintiffs filed a Response [ECF No. 11]; and NSC filed a Reply [ECF No. 24]. Magistrate Judge Louis held a hearing on July 23, 2021 [ECF No. 37].

On August 20, 2021, Magistrate Judge Louis entered her Report and Recommendation ("Report") [ECF No. 40], recommending the Court grant NSC's Motion because (1) NSC is protected by sovereign immunity, (2) the Court lacks personal jurisdiction over NSC, and (3) principles of international comity justify quashing the subpoena. (*See generally id.*). The Report advised the parties that they had 14 days to file objections to the Report. (*See id.* 21). To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* advisory comm. notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (alterations added; citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

On June 4, 2021, NSC filed its third-party Motion to Quash Subpoena raising three grounds to quash the subpoena served on NSC by counsel for the *In re Salmon* Plaintiffs. (*See generally* Mot. Quash Subpoena). The relevant factual background underlying the parties' dispute is set forth in the Report and is not repeated here. (*See* Report 1–4).

NSC argued it should not be required to respond to the subpoena because (1) NSC is an instrumentality of the Government of Norway and thus is entitled to sovereign immunity; (2) even if NSC is not entitled to sovereign immunity, due process requires quashing the subpoena because NSC's limited contacts with the United States are removed from the information sought by the subpoena; and (3) principles of international comity independently require that any discovery against NSC proceed under the Hague Convention. (*See generally* Mot. Quash Subpoena). The Report thoroughly addresses each basis for quashing the subpoena and finds each ground raised

by NSC independently justifies granting the relief NSC requests. (*See generally* Report). The Report correctly finds that (1) NSC was an instrumentality of Norway entitled to sovereign immunity (2) engaged in a quintessential government function and thus not subject to the commercial activity exception, under *Pablo Star Ltd. v. Welsh Government*, 961 F.3d 555 (2d Cir. 2020) and *Kato v. Ishihara*, 360 F.3d 106 (2d Cir. 2004), because NSC, in its actions, promoted Norwegian seafood. (*See* Report 7–10). Moreover, the Report reasons why, alternatively, the commercial activity exception does not apply because Plaintiffs failed to show NSC's activity, either in the United States or abroad, possessed a sufficient nexus to the information sought in the subpoena or the claims in *In re Salmon*. (*See id.* 11–14). The Report then correctly concludes that the Court lacks personal jurisdiction over NSC because NSC's contacts with the United States are disconnected from either (1) the information sought in the subpoena or (2) the conduct at issue in *In re Salmon*, and thus "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State" (*id.* 19 (quotation marks omitted; quoting *Bristol-Myers Squibb Co. v. Superior Ct. Cal.*, 137 S. Ct. 1773, 1781 (2017))). Finally, the Report concludes that the factors set forth by *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), independently require quashing the subpoena under international comity principles. (*See* Report 19–21).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Magistrate Judge Louis's Report, and agrees with her conclusion that NSC's Motion should be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 40]** is **AFFIRMED AND ADOPTED**. Non-party, Norwegian Seafood Council's Motion to Quash Subpoena **[ECF No. 1]**

CASE NO. 21-22310-MC-ALTONAGA/Louis

is **GRANTED**. The Clerk shall close this case.

  **DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Lauren F. Louis
   counsel of record